**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:94CR103-MU**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | | <u>ORDER</u> |
| ) | | |
| **LARRY DEAN DUTTON,** ) | | |
| Defendant. ) | | |
| _____) | | |

**THIS MATTER** comes before the Court on a document captioned as "Defendant's Motion For Modification And/Or Reduction Of Sentence," filed April 27, 2005. For the reasons stated herein, such Motion will be <u>denied</u>.

According to pertinent portions of the record, on June 9, 1994, the defendant was charged with possession of a firearm by a convicted felon in violation of 18 U.S.C. §§922(g) and 924. Based upon the defendant's record of prior convictions for breaking, entering and larceny, the government sought an enhanced sentence for the defendant pursuant to the Armed Career Criminal Act as set forth in 18 U.S.C. §924(e). On October 6, 1994, the defendant entered a guilty plea to the subject charge. On March 22, 1995, the Court sentenced the defendant, as an Armed Career Criminal, to a total of 235 months imprisonment.

The defendant's conviction and sentence both were affirmed on direct review in the Fourth Circuit Court of Appeals.

Similarly, those matters were affirmed on collateral review before this Court and on appeal at the Fourth Circuit.

By this Motion, the defendant is asking the Court to modify and/or reduce his 235-month sentence pursuant to 18 U.S.C. §3582(c). In his Motion, the defendant makes three specific arguments.

First, the defendant argues that pursuant to §5G1.3 of the U.S. Sentencing Guidelines §5G1.3, he is entitled to have his sentence reduced by the amount of time which he already served for the State court convictions which were used to qualify him as an Armed Career Criminal because those State convictions involved conduct which was "related" to his federal firearm conviction.

Second, the defendant contends that his sentencing range was lowered by virtue of the U.S. Supreme Court's recent decision in United States v. Booker/Fanfan, 543 U.S. ____ , 125 S.Ct. 738 (2005). Therefore, the defendant contends that, in accordance with 18 U.S.C. §3582(c), he is entitled to have his sentence reduced.

Third, the defendant argues that he is entitled to have his sentence reduced and/or modified by virtue of the new provisions set forth in U.S. Sentencing Guidelines §5K2.23. Notwithstanding his strong beliefs to the contrary, however, neither of the foregoing arguments provides a valid basis for the defendant's requested reduction and/or modification.

Indeed, taking the defendant's arguments out of turn, the

Court first notes that the Booker decision did not reduce all of the Sentencing Guidelines ranges as the defendant contends. Rather, Booker rendered unconstitutional the mandatory nature of the Guidelines. Thus, the defendant cannot prevail on his Booker claim.

Next, regarding the other two arguments, the Court has found that neither §§5G1.3(c) nor §5K2.23 can be applied to this post-sentencing request. As the petitioner was advised in connection with an earlier post-sentencing Motion, "the district court may consider a reduction in [a] sentence pursuant to 18 U.S.C. §3582(c)(2) only where the relevant amendment specifically is made retroactive and is listed in U.S.S.G. §1B1.10. United States v. Winestock, 187 F.3d 633 (table) 1999 WL 565839 (4th Cir. 1999) (unpublished); see also United States v. Goines, 357 F.3d 469, 473 (4th Cir. 2004).

Both §§5G1.3(c) 5K2.23 were made a part of the Guidelines by Amendment 660. However a review of §1B1.10 reveals that neither one of those provisions was listed therein. On the contrary, U.S.S.G. §1B1.10(c) states, "Amendments covered by this policy statement are . . . 126, 130, 156, 176, 269, 329, 341, 371, 380, 433, 454, 488, 490, 499, 505, 506, 516, 591, 599, 606 and 657." Consequently, notwithstanding the fact that the Guidelines no longer are mandatory, there is no basis upon which this Court can properly apply §§5G1.3 or 5K2.23 in order to reduce or modify the petitioner's sentence.

Moreover, the Court finds that the defendant's reliance upon §5G1.3 is misplaced in any event. To be sure, the fact that the Court relied upon the defendant's prior State court convictions does not convert those matters into "related conduct" such that his sentence can be reduced under §5G1.3. Indeed, those prior convictions are entirely unrelated both in time and type to the defendant's current conviction for being a felon in possession of a firearm. Thus, the petitioner's request for a reduction under §5G1.3 also is factually baseless.

Finally, the Court notes that it has reviewed the defendant's several attachments to this Motion. Those attachments tend to establish that the defendant is attempting to make good use of his time while in prison. Thus, the Court commends the defendant for his efforts to improve the quality and character of his life. The Court also is mindful of the tragic death of the defendant's wife in 1999. Nevertheless, the Court does not believe that any of those matters can legally support the instant Motion for Reduction and/or Modification. Consequently, such Motion must be **DENIED**.

**SO ORDERED.**

**Signed: September 29, 2005**

Graham C. Mullen
Chief United States District Judge